Brett K. Shaad, Esq. (#255846)
brett@brettshaad.com
LAW OFFICE OF BRETT K. SHAAD
6633 Hollywood Boulevard
Los Angeles, CA  90028
Telephone: (323) 460-6155
Facsimile: (323) 460-2344
Attorney for Defendants Lonnie Moore, Michael Robert Malin, 2Hype
Productions, Inc., LTM Consulting, Inc., Geisha House, LLC and Geisha Santa
Ana, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| DAVID R. HILTY, individually, and derivatively on behalf of GEISHA HOUSE, LLC, a California limited liability company, and GEISHA SANTA ANA, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LONNIE MOORE, an individual; MICHAEL ROBERT CARRI a/k/a MICHAEL ROBERT MALIN a/k/a MIKE BOOGIE a/k/a MIKE BOOGIE MALIN, an individual; 2HYPE PRODUCTIONS, INC., a California Corporation; LTM CONSULTING, INC., a California Corporation; MOORE & MALIN ENTERPRISES, LLC, a California limited liability company; JAMES MCDONALD, an individual; ROBERT PAU, an individual; and DOES 1 through 10, inclusive,<br><br>Defendants.<br><br>– and –<br><br>GEISHA HOUSE, LLC, a California limited liability company, and GEISHA SANTA ANA, LLC, a California limited liability company,<br><br>Nominal Defendants. | Case No. CV-12-02089 JCG<br><br>**LONNIE MOORE, MICHAEL ROBERT MALIN, 2HYPE PRODUCTIONS, INC., LTM CONSULTING, INC., GEISHA HOUSE, LLC AND GEISHA SANTA ANA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY**<br><br>**[DEMAND FOR JURY TRIAL]** |

- 1 -

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

1

2         Defendants LONNIE MOORE, MICHAEL ROBERT MALIN, 2HYPE

3     PRODUCTIONS, INC., LTM CONSULTING, INC., GEISHA HOUSE, LLC,

4     and GEISHA SANTA ANA, LLC ("Defendants"), answer the Complaint of

5     plaintiff DAVID R. HILTY ("Plaintiff") as follows[1]:

6     **<u>JURISDICTION</u>**

7         1.    Answering the allegations of Paragraph 1 of the Complaint,

8     Defendants admit that this Court has subject matter jurisdiction.  Defendants

9     further admit that this Court has supplemental jurisdiction over the state law

10    claims asserted in the Complaint.  As to the remainder of the allegations in said

11    Paragraph, it contains conclusions of law to which no answer is required, and to

12    the extent that they may be deemed allegations of fact, Defendants deny said

13    allegations.

14        2.    Answering the allegations of Paragraph 2 of the Complaint, said

15    paragraph contains conclusions of law to which no answer is required, and to the

16    extent that they may be deemed allegations of fact, Defendants deny said

17    allegations.

18    **<u>NATURE OF ACTION</u>**

19        3.    Answering the allegations of Paragraph 3 of the Complaint,

20    Defendants deny said allegations.

21

22

23

24        [1] The Complaint contains headings to various sections, and the headings are repeated in
this answer solely to conform the structure of the answer to the complaint.  Defendants do not
believe a response to the headings is necessary, but should the Court conclude that a response to

25    the headings is required, Defendants respond that the headings constitute conclusions of law and
Plaintiff's characterization of the case, to which no answer is required, and to the extent that they

26    may be deemed allegations of fact, they are denied.

27        - 2 -

28    DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

4.      Answering the allegations of Paragraph 4 of the Complaint, Defendants deny said allegations.

5.      Answering the allegations of Paragraph 5 of the Complaint, Defendants deny said allegations.

6.      Answering the allegations of Paragraph 6 of the Complaint, Defendants deny said allegations.

7.      Answering the allegations of Paragraph 7 of the Complaint, Defendants deny said allegations.

8.      Answering the allegations of Paragraph 8 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

9.      Answering the allegations of Paragraph 9 of the Complaint, Defendants deny said allegations.

10.     Answering the allegations of Paragraph 10 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

## THE PARTIES

11.     Answering the allegations of Paragraph 11 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

12.     Answering the allegations of Paragraph 12 of the Complaint, Defendants admit said allegations.

13.     Answering the allegations of Paragraph 13 of the Complaint, Defendants deny said allegations.

14.     Answering the allegations of Paragraph 14 of the Complaint, Defendants admit said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

15.     Answering the allegations of Paragraph 15 of the Complaint, Defendants deny said allegations.

16.     Answering the allegations of Paragraph 16 of the Complaint, Defendants admit said allegations.

17.     Answering the allegations of Paragraph 17 of the Complaint, Defendants admit said allegations.

18.     Answering the allegations of Paragraph 18 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

19.     Answering the allegations of Paragraph 19 of the Complaint, Defendants deny said allegations.

20.     Answering the allegations of Paragraph 20 of the Complaint, Defendants deny said allegations.

21.     Answering the allegations of Paragraph 21 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the first sentence of said paragraph.  As to the remainder of the allegations in said Paragraph, Defendants deny said allegations.

22.     Answering the allegations of Paragraph 22 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny the allegations contained in the first sentence of said paragraph.  As to the remainder of the allegations in said Paragraph, Defendants deny said allegations.

23.     Answering the allegations of Paragraph 23 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

## **GENERAL ALLEGATIONS**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

**Moore and Malin Form The Dolce Group and, in Less Than a Decade, Run Several Restaurants and Clubs into the Ground**

24.     Answering the allegations of Paragraph 24 of the Complaint, Defendants deny said allegations.

25.     Answering the allegations of Paragraph 25 of the Complaint, Defendants deny said allegations.

26.     Answering the allegations of Paragraph 26 of the Complaint, Defendants deny said allegations.

27.     Answering the allegations of Paragraph 27 of the Complaint, Defendants deny said allegations.

28.     Answering the allegations of Paragraph 28 and subparagraphs a-h of the Complaint, Defendants deny said allegations.

29.     Answering the allegations of Paragraph 29 of the Complaint, Defendants deny said allegations.

**Moore and Malin Obtain Millions of Dollars From Passive Investors in The Dolce Group Entities, While excluding Those Investors From the Entities' Management**

30.     Answering the allegations of Paragraph 30 of the Complaint, Defendants admit said allegations.

31.     Answering the allegations of Paragraph 31 of the Complaint, Defendants admit the allegations contained in the second sentence of said paragraph.  As to the remainder of the allegations in said Paragraph, Defendants deny said allegations.

32.     Answering the allegations of Paragraph 32 of the Complaint, Defendants admit said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

33.     Answering the allegations of Paragraph 33 of the Complaint, Defendants admit the allegations contained in the first sentence of said paragraph.  As to the remainder of the allegations in said Paragraph, Defendants deny said allegations.

34.     Answering the allegations of Paragraph 34 of the Complaint, Defendants admit said allegations.

35.     Answering the allegations of Paragraph 35 of the Complaint, Defendants deny said allegations.

36.     Answering the allegations of Paragraph 36 of the Complaint, Defendants deny said allegations.

37.     Answering the allegations of Paragraph 37 of the Complaint, Defendants deny said allegations.

**Hilty Invests Approximately $1 Million in Dolce Group Entities, Becoming a Non-Managing Member of Geisha L.A., Geisha Santa Ana and Dolce Atlanta**

38.     Answering the allegations of Paragraph 38 of the Complaint, Defendants admit said allegations.

39.     Answering the allegations of Paragraph 39 of the Complaint, Defendants admit said allegations.

40.     Answering the allegations of Paragraph 40 of the Complaint, Defendants admit said allegations.

41.     Answering the allegations of Paragraph 41 of the Complaint, Defendants admit said allegations.

42.     Answering the allegations of Paragraph 42 of the Complaint, Defendants admit said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

43.     Answering the allegations of Paragraph 43 of the Complaint, Defendants admit said allegations.

44.     Answering the allegations of Paragraph 44 of the Complaint, Defendants admit said allegations.

45.     Answering the allegations of Paragraph 45 of the Complaint, Defendants admit said allegations.

46.     Answering the allegations of Paragraph 46 of the Complaint, Defendants admit said allegations.

47.     Answering the allegations of Paragraph 47 of the Complaint, Defendants admit that Plaintiff purports to make the reference contained in said Paragraph.

**From the Inception of The Dolce Group, Moore, Malin and Their Co-conspirators Engage in a Continuous Scheme to Loot The Dolce Group Entities and Their Investors, and They Otherwise Grossly Mismanage The Dolce Group Entities**

48.     Answering the allegations of Paragraph 48 of the Complaint, Defendants deny said allegations.

49.     Answering the allegations of Paragraph 49 of the Complaint, Defendants deny said allegations.

50.     Answering the allegations of Paragraph 50 of the Complaint, Defendants deny said allegations.

51.     Answering the allegations of Paragraph 51 of the Complaint, Defendants deny said allegations.

52.     Answering the allegations of Paragraph 52 of the Complaint, Defendants deny said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

53.     Answering the allegations of Paragraph 53 of the Complaint, Defendants deny said allegations.

54.     Answering the allegations of Paragraph 54 of the Complaint, Defendants deny said allegations.

55.     Answering the allegations of Paragraph 55 of the Complaint, Defendants deny said allegations.

56.     Answering the allegations of Paragraph 56 of the Complaint, Defendants deny said allegations.

57.     Answering the allegations of Paragraph 57 of the Complaint, Defendants deny said allegations.

58.     Answering the allegations of Paragraph 58 of the Complaint, Defendants deny said allegations.

59.     Answering the allegations of Paragraph 59 of the Complaint, Defendants deny said allegations.

60.     Answering the allegations of Paragraph 60 of the Complaint, Defendants deny said allegations.

61.     Answering the allegations of Paragraph 61 of the Complaint, Defendants deny said allegations.

62.     Answering the allegations of Paragraph 62 of the Complaint, Defendants deny said allegations.

63.     Answering the allegations of Paragraph 63 of the Complaint, Defendants deny said allegations.

64.     Answering the allegations of Paragraph 64 of the Complaint, Defendants deny said allegations.

65.     Answering the allegations of Paragraph 65 of the Complaint, Defendants deny said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

66.     Answering the allegations of Paragraph 66 of the Complaint, Defendants admit said allegations.

67.     Answering the allegations of Paragraph 67 of the Complaint, Defendants deny said allegations.

**For Months, Hilty Tries Unsuccessfully to Obtain Access to the Books and Records of Geisha L.A., Geisha Santa Ana and Dolce Atlanta**

68.     Answering the allegations of Paragraph 68 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

69.     Answering the allegations of Paragraph 69 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

70.     Answering the allegations of Paragraph 70 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

71.     Answering the allegations of Paragraph 71 of the Complaint, Defendants deny said allegations.

**Hilty Has Standing to Bring the Derivative Claims He Asserts, and Demand on the LLCs is Excused as Futile**

72.     Answering the allegations of Paragraph 72 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

73.     Answering the allegations of Paragraph 73 of the Complaint, Defendants deny said allegations.

74.     Answering the allegations of Paragraph 74 and subparagraphs a-e of the Complaint, Defendants deny said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

75.     Answering the allegations of Paragraph 75 of the Complaint, Defendants admit that Plaintiff delivered a copy of the Complaint to them prior to the filing of the Complaint but lack sufficient knowledge or information to admit or deny that Plaintiff delivered a copy of the Complaint to managers of Geisha L.A. and Geisha Santa Ana, other than Defendant Moore and Defendant Malin and, on that ground, deny said allegation.

### FIRST CLAIM FOR RELIEF

**(Securities Fraud – Exchange Act Sec. 10(b) and Rule 10b-5)**

**(By Hilty, Individually, Against All Individual Defendants)**

76.     Answering the allegations of Paragraph 76, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 76, inclusive, as though set forth herein.

77.     Answering the allegations of Paragraph 77 of the Complaint, Defendants admit said allegations.

78.     Answering the allegations of Paragraph 78 of the Complaint, Defendants deny said allegations.

79.     Answering the allegations of Paragraph 79 of the Complaint, Defendants deny said allegations.

80.     Answering the allegations of Paragraph 80 of the Complaint, Defendants deny said allegations.

81.     Answering the allegations of Paragraph 81 of the Complaint, Defendants deny said allegations.

82.     Answering the allegations of Paragraph 82 of the Complaint, Defendants deny said allegations.

83.     Answering the allegations of Paragraph 83 of the Complaint, Defendants deny said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

84.    Answering the allegations of Paragraph 84 of the Complaint, Defendants deny said allegations.

85.    Answering the allegations of Paragraph 85 of the Complaint, Defendants deny said allegations.

86.    Answering the allegations of Paragraph 86 of the Complaint, Defendants deny said allegations.

87.    Answering the allegations of Paragraph 87 of the Complaint, Defendants deny said allegations.

88.    Answering the allegations of Paragraph 88 of the Complaint, Defendants deny said allegations.

89.    Answering the allegations of Paragraph 89 of the Complaint, Defendants deny said allegations.

90.    Answering the allegations of Paragraph 90 of the Complaint, Defendants deny said allegations.

91.    Answering the allegations of Paragraph 91 of the Complaint, Defendants deny said allegations.

## SECOND CLAIM FOR RELIEF

**(Securities Fraud – Controlling Persons – Exchange Act Sec. 20(a))**

**(By Hilty, Individually, Against All Individual Defendants)**

92.    Answering the allegations of Paragraph 92, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 92, inclusive, as though set forth herein.

93.    Answering the allegations of Paragraph 93 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

94.     Answering the allegations of Paragraph 94 of the Complaint, Defendants deny said allegations.

## THIRD CLAIM FOR RELIEF

### (Fraud)

### (By Hilty, Individually, Against Defendants Moore and Malin)

95.     Answering the allegations of Paragraph 95, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 95, inclusive, as though set forth herein.

96.     Answering the allegations of Paragraph 96 of the Complaint, Defendants deny said allegations.

97.     Answering the allegations of Paragraph 97 of the Complaint, Defendants deny said allegations.

## FOURTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

### (By Hilty, Individually, Against All Individual Defendants)

98.     Answering the allegations of Paragraph 98, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 98, inclusive, as though set forth herein.

99.     Answering the allegations of Paragraph 99 of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

100.    Answering the allegations of Paragraph 100 of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

101.   Answering the allegations of Paragraph 101 of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

102.   Answering the allegations of Paragraph 102 of the Complaint, Defendants deny said allegations.

103.   Answering the allegations of Paragraph 103 of the Complaint, Defendants deny said allegations.

104.   Answering the allegations of Paragraph 104 of the Complaint, Defendants deny said allegations.

105.   Answering the allegations of Paragraph 105 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

### FIFTH CLAIM FOR RELIEF

**(Civil Conspiracy)**

**(By Hilty, Individually, Against All Individual Defendants, 2HYPE, LTM and MME)**

106.   Answering the allegations of Paragraph 106, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 106, inclusive, as though set forth herein.

107.   Answering the allegations of Paragraph 107 of the Complaint, Defendants deny said allegations.

108.   Answering the allegations of Paragraph 108 of the Complaint, Defendants deny said allegations.

109.   Answering the allegations of Paragraph 109 of the Complaint, Defendants deny said allegations.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

110.   Answering the allegations of Paragraph 110 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

## SIXTH CLAIM FOR RELIEF

### (Unjust Enrichment)

### (By Hilty, Individually, Against All Individual Defendants, 2HYPE, LTM and MME)

111.   Answering the allegations of Paragraph 111, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 111, inclusive, as though set forth herein.

112.   Answering the allegations of Paragraph 112 of the Complaint, Defendants deny said allegations.

## SEVENTH CLAIM FOR RELIEF

### (Accounting)

### (By Hilty, Individually, Against All Defendants)

113.   Answering the allegations of Paragraph 113, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 113, inclusive, as though set forth herein.

114.   Answering the allegations of Paragraph 114 of the Complaint, Defendants deny said allegations.

115.   Answering the allegations of Paragraph 115 of the Complaint, Defendants deny said allegations.

116.   Answering the allegations of Paragraph 116 of the Complaint, Defendants deny said allegations.

## EIGHTH CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code Sec. 17200, *et seq.*)

**(By Hilty, Individually, Against All Individual Defendants, 2HYPE, LTM and MME)**

117.   Answering the allegations of Paragraph 117, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 117, inclusive, as though set forth herein.

118.   Answering the allegations of Paragraph 118 of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

119.   Answering the allegations of Paragraph 119 and subparagraphs a-d of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

120.   Answering the allegations of Paragraph 120 of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

121.   Answering the allegations of Paragraph 121 of the Complaint, said paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

122.   Answering the allegations of Paragraph 122 of the Complaint, Defendants deny said allegations.

123.   Answering the allegations of Paragraph 123 of the Complaint, Defendants deny said allegations.

124.   Answering the allegations of Paragraph 124 of the Complaint, the first and second sentences of said Paragraph contain conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.  As to the remainder of the allegations in said Paragraph, Defendants deny said allegations.

## NINTH CLAIM FOR RELIEF

### (Appointment of a Receiver)

### (By Hilty, Individually, Against Moore and Malin)

125.   Answering the allegations of Paragraph 125, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 125, inclusive, as though set forth herein.

126.   Answering the allegations of Paragraph 126 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

127.   Answering the allegations of Paragraph 127 of the Complaint, Defendants deny said allegations.

128.   Answering the allegations of Paragraph 128 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

## TENTH CLAIM FOR RELIEF

### (Breach of Fiduciary Duty)

### (By Hilty, Derivatively on behalf of Geisha L.A. and Geisha Santa Ana, Against All Individual Defendants)

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

129.   Answering the allegations of Paragraph 129, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 129, inclusive, as though set forth herein.

130.   Answering the allegations of Paragraph 130 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

131.   Answering the allegations of Paragraph 131 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

132.   Answering the allegations of Paragraph 132 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

133.   Answering the allegations of Paragraph 133 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations concerning Defendant McDonald and Defendant Pau and, on that ground, deny said allegations. As to the remainder of the allegations in said Paragraph, Defendants deny said allegations.

134.   Answering the allegations of Paragraph 134 of the Complaint, Defendants deny said allegations.

135.   Answering the allegations of Paragraph 135 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

136.   Answering the allegations of Paragraph 136 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

## ELEVENTH CLAIM FOR RELIEF

### (Civil Conspiracy)

**(By Hilty, Derivatively on behalf of Geisha L.A. and Geisha Santa Ana, Against All Individual Defendants, 2HYPE, LTM and MME)**

137.   Answering the allegations of Paragraph 137, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 137, inclusive, as though set forth herein.

138.   Answering the allegations of Paragraph 138 of the Complaint, Defendants deny said allegations.

139.   Answering the allegations of Paragraph 139 of the Complaint, Defendants deny said allegations.

140.   Answering the allegations of Paragraph 140 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

141.   Answering the allegations of Paragraph 141 of the Complaint, Defendants lack sufficient knowledge or information to admit or deny said allegations and, on that ground, deny said allegations.

## TWELFTH CLAIM FOR RELIEF

### (Unjust Enrichment)

**(By Hilty, Derivatively on behalf of Geisha L.A. and Geisha Santa Ana, Against All Individual Defendants, 2HYPE, LTM and MME)**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

142.   Answering the allegations of Paragraph 142, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 142, inclusive, as though set forth herein.

143.   Answering the allegations of Paragraph 143 of the Complaint, Defendants deny said allegations.

### THIRTEENTH CLAIM FOR RELIEF

**(Unfair Competition – Cal. Bus. & Prof. Code Sec. 17200, *et seq.*)**

**(By Hilty, Derivatively on behalf of Geisha L.A. and Geisha Santa Ana, Against All Individual Defendants, 2HYPE, LTM and MME)**

144.   Answering the allegations of Paragraph 144, Defendants restate and incorporate by reference their previous responses to Paragraphs 1 through 144, inclusive, as though set forth herein.

145.   Answering the allegations of Paragraph 145 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

146.   Answering the allegations of Paragraph 146 and subparagraphs a-d of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

147.   Answering the allegations of Paragraph 147 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the extent that they may be deemed allegations of fact, Defendants deny said allegations.

148.   Answering the allegations of Paragraph 148 of the Complaint, said Paragraph contains conclusions of law to which no answer is required, and to the

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

1   extent that they may be deemed allegations of fact, Defendants deny said
2   allegations.

3         149.   Answering the allegations of Paragraph 149 of the Complaint,
4   Defendants deny said allegations.

5         150.   Answering the allegations of Paragraph 150 of the Complaint,
6   Defendants deny said allegations.

7         151.   Answering the allegations of Paragraph 151 of the Complaint, the
8   third and fourth sentences of said Paragraph contain conclusions of law to which
9   no answer is required, and to the extent that they may be deemed allegations of
10  fact, Defendants deny said allegations.  As to the remainder of the allegations in
11  said Paragraph, Defendants deny said allegations.

12                              **ON THE CLAIMS FOR RELIEF**

13        152.   Defendants deny that Plaintiff is entitled to the relief requested in
14  his prayers for relief set forth immediately following Paragraph 151 through
15  Line 20 on Page 35 of the Complaint.

16                                **AFFIRMATIVE DEFENSES**

17        Defendants allege the following as separate affirmative defenses to
18  Plaintiff's claims:

19                          **(Failure to State Cause of Action)**

20        1.   Defendants, as an affirmative defense to the Complaint, and each
21  cause of action set forth therein, allege that the Complaint fails to state causes of
22  action against the answering Defendants.

23                                  **(Unclean Hands)**

24        2.   Defendants, as an affirmative defense to the Complaint, and each
25  cause of action set forth therein, allege that the Complaint, and each of the causes
26  of action, is barred by the equitable doctrine of unclean hands.

27

28

**(Laches)**

3.    Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that the Complaint, and each of the causes of action, is barred by the equitable doctrine of laches.

**(Waiver)**

4.    Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that Complaint, and each of the causes of action, are barred by the doctrine of waiver.

**(Estoppel)**

5.    Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that the Complaint, and each of the causes of action, is barred by the doctrine of estoppel.

**(Fault of Plaintiff)**

6.    Defendants, as an affirmative defense to the Complaint, allege that any injury that Plaintiff has suffered is a direct result and consequence of the actions of Plaintiff's own actions or the actions of others not affiliated with the answering Defendants.

**(Unjust Enrichment)**

7.    Defendants, as an affirmative defense to the Complaint, allege that Plaintiff's right to recovery is barred under the doctrine of unjust enrichment.

**(Failure to Perform Condition Precedent)**

8.    Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that the Complaint, and each of the causes of action and common counts, is barred from recovery because Plaintiff has failed to perform all conditions precedent required of him which would entitle him to the relief sought by the Complaint.

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

**(Frivolous Claims)**

9.      Defendants, as an affirmative defense to the Complaint, allege that the allegations in the Complaint are frivolous and without merit.  Therefore, Defendants are entitled to sanctions, attorneys' fees, and litigation costs pursuant to Federal Rule of Civil Procedure 11.

**(Non-Waiver of Other Defenses)**

10.      Defendants, as an affirmative defense to the Complaint, allege that the answering Defendants are informed and believe and upon such information and belief, allege that the answering Defendants may have additional defenses available to them, of which are not now fully known and of which the answering Defendants are not fully aware.  The answering Defendants reserve the right to assert any additional affirmative defenses after the same have been ascertained.

**(Failure to Mitigate Damages)**

11.      Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that the within Complaint, and each of the causes of action, are barred by Plaintiff's failure to mitigate damages. (Condition Subsequent)

12.      Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that the Complaint, and each of the causes of action, is barred from recovery because Plaintiff has failed to perform all conditions subsequent required of him.

**(Set-Off or Recoupment)**

13.      Defendants, as an affirmative defense to the Complaint, and each cause of action set forth therein, allege that the claimed damages must be set-off.

**(Expenses Not Reasonably Incurred)**

14.     Defendants, as an affirmative defense to the Complaint, allege that the expenses for which Plaintiff seeks damages were not actually and reasonably incurred.

**(Intervening and Superseding Causation)**

15.     Defendants, as an affirmative defense to the Complaint, allege that the damages referred to in Plaintiff's Complaint were proximately caused or contributed to by the negligence of persons and/or entities other than the answering Defendants.

**(Mistake)**

16.     Defendants, as an affirmative defense to the Complaint, allege that any alleged acts or omissions of Defendants giving rise to Plaintiff's claims are the result of innocent mistake despite reasonable procedures implemented by Defendants.

**(Fault of Others)**

17.     Defendants, as an affirmative defense to the Complaint, allege that any injury that Plaintiff has suffered is a direct result and consequence of the actions of others not affiliated with the answering Defendants.

(Failure to Join Indispensible Parties)

18.     Defendants, as an affirmative defense to the Complaint, allege that any injuries or damages of which Plaintiff complains were caused in whole or in part by non-parties whom Plaintiff has failed to join in this action.

**(Intervening Acts)**

19.     Defendants, as an affirmative defense to the Complaint, allege that any damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Defendants.

**(In Pari Delicto)**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

20.     Defendants, as an affirmative defense to the Complaint, allege that Plaintiff has at least equal responsibility for the violation and preclusion of the suit would not significantly interfere with effective enforcement of the securities laws.

**(Due Diligence)**

21.     Defendants, as an affirmative defense to the Complaint, allege that Defendants exercised due diligence in handling business affairs.

**(Plaintiff's Knowledge of a Falsity or Omission)**

22.     Defendants, as an affirmative defense to the Complaint, allege that Plaintiff had knowledge of alleged falsity or omissions.

**(No Knowledge of Falsity or Omissions)**

23.     Defendants, as an affirmative defense to the Complaint, allege that Defendants did not know, or by using reasonable care could not have known, of any falsity or omission.

**(Lack of Inducement or Consideration)**

24.     Defendants, as an affirmative defense to the Complaint, allege that Plaintiff's claims are barred in whole or in part by lack of inducement or consideration.

**(Plaintiff's Lack of Standing)**

25.     Defendants, as an affirmative defense to the Complaint, allege that Plaintiff's claims are barred in whole or in part because Plaintiff lacks standing to bring its claims against Defendants.

**(Voluntary Payment Doctrine or Release)**

26.     Defendants, as an affirmative defense to the Complaint, allege that Plaintiff accepted payment from Defendants or otherwise released Defendants from alleged claims.

**(Statute of Limitations)**

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

27.     Defendants, as an affirmative defense to the Complaint, allege that if there presently exists or ever existed, any or all of the alleged rights, claims or obligations, which Plaintiff seeks by way of its Complaint, the Complaint is barred by the applicable sections of Federal law.

**(Economic loss rule)**

28.     Defendants, as an affirmative defense to the Complaint, allege that Defendants suffered purely economic loss and is barred from such recovery.

**(Failing to Plead Fraud with Particularity)**

29.     Defendants, as an affirmative defense to the Complaint, allege that Defendants failed to plead all elements of their fraud claims with particularity in he fails to give notice of the time, place and content of the alleged false representation, the fact misrepresented, and the nature of what was obtained or given as a consequence of the fraud.

**(Indemnity)**

30.     Defendants, as an affirmative defense to the Complaint, allege that Defendant's are indemnified.

**(Approval)**

31.     Defendants, as an affirmative defense to the Complaint, allege that the alleged actions followed full disclosure to and the consent of the Plaintiff.

**(Business Judgment Rule)**

32.     Defendants, as an affirmative defense to the Complaint, allege that Defendant's actions were motivated by a bona fide interest in the well being of the corporation.

**(Assumption of the Risk)**

33.     Defendants, as an affirmative defense to the Complaint, allege that Plaintiff expressly, voluntarily, and knowingly assumed all risks about which they

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

1    complain in their complaint, and therefore, is barred either totally or to the extent

2    of said assumption from any damages.

3                                    **(Good Faith)**

4         34.    Defendants, as an affirmative defense to the Complaint, allege that

5    Defendants actions were in good faith.

6                                      **PRAYER**

7         WHEREFORE, Defendants prays for judgment against Plaintiff as

8    follows:

9         1.    That Plaintiff take nothing by reason of his Complaint, the causes

10   of action be dismissed entirely and judgment be entered in favor of Defendants;

11        2.    For Defendants' costs of suit herein;

12        3.    For Defendants' attorneys' fees according to proof; and

13        4.    For such other and further relief as this Court may deem just and

14   proper.

15                         **DEMAND FOR JURY TRIAL**

16        Defendants request a jury trial on all issues triable to a jury.

17   DATED:  April 13, 2012

18                                    LAW OFFICE OF BRETT K. SHAAD

19

20                                    By: _____

21                                         BRETT K. SHAAD, ESQ.
                                           Attorney for Defendants

22

23

24

25

26

27
                                        - 26 -
28   DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED
         COMPLAINT OF DAVID R. HILTY - Case No. CV-12-02089 JCG

## Verification

I have read the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY ("ANSWER") and know its contents.

I am party to this action and the matters stated in the foregoing Answer are true based on my own knowledge except as to those matters, which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 13, 2012 in the County of Los Angeles in the State of California.

_Lonnie Moore_

LONNIE MOORE

1

**<u>Verification</u>**

2          I have read the foregoing DEFENDANTS' ANSWER AND

3     AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID

4     R. HILTY ("ANSWER") and know its contents.

5          I am party to this action and the matters stated in the foregoing Answer

6     are true based on my own knowledge except as to those matters, which are

7     stated on information and belief, and as to those matters I believe them to be

8     true.

9          I declare under penalty of perjury under the laws of the United States that

10    the foregoing is true and correct.

11         Executed on April 13, 2012 in the County of Los Angeles in the State of

12    California.

13

14    _____

15    MICHAEL ROBERT MALIN

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Verification**

I have read the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY ("ANSWER") and know its contents.

I am party to this action and the matters stated in the foregoing Answer are true based on my own knowledge except as to those matters, which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April __13__, 2012 in the County of Los Angeles in the State of California.

_____

2HYPE PRODUCTIONS, INC.

## Verification

I have read the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY ("ANSWER") and know its contents.

I am party to this action and the matters stated in the foregoing Answer are true based on my own knowledge except as to those matters, which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 13 , 2012 in the County of Los Angeles in the State of California.

_____

LTM CONSULTING, INC.

**<u>Verification</u>**

1

2        I have read the foregoing DEFENDANTS' ANSWER AND

3    AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID

4    R. HILTY ("ANSWER") and know its contents.

5        I am party to this action and the matters stated in the foregoing Answer

6    are true based on my own knowledge except as to those matters, which are

7    stated on information and belief, and as to those matters I believe them to be

8    true.

9        I declare under penalty of perjury under the laws of the United States that

10   the foregoing is true and correct.

11       Executed on April 13 , 2012 in the County of Los Angeles in the State of

12   California.

13

14   _Lonnie Moore_

15   GEISHA HOUSE, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

**Verification**

I have read the foregoing DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THE VERIFIED COMPLAINT OF DAVID R. HILTY ("ANSWER") and know its contents.

I am party to this action and the matters stated in the foregoing Answer are true based on my own knowledge except as to those matters, which are stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on April 13, 2012 in the County of Los Angeles in the State of California.

_Lonnie Moore_

GEISHA SANTA ANA, LLC