NOTE: CHANGES MADE BY THE COURT

1  Louis E. Kempinsky (State Bar No. 90068)
   lek@vrmlaw.com
2  John C. Keith (State Bar No. 229755)
   jck@vrmlaw.com
3  VALENSI ROSE, PLC
   1888 Century Park East, Suite 1100
4  Los Angeles, CA  90067
   Telephone: (310) 277-8011
5  Facsimile:  (310) 601-7009

6  Attorneys for Plaintiff
   David R. Hilty

7
**UNITED STATES DISTRICT COURT**
8
**CENTRAL DISTRICT OF CALIFORNIA**
9
**WESTERN DIVISION**
10

| | |
|---|---|
| 11  DAVID R. HILTY, individually, and derivatively on behalf of GEISHA HOUSE, LLC, a California limited liability company, and GEISHA SANTA ANA, LLC, a California limited liability company,<br><br>14            Plaintiff,<br><br>15            vs.<br><br>16  LONNIE MOORE, et al.,<br><br>17            Defendants,<br><br>18            – and –<br><br>19  GEISHA HOUSE, LLC, et al.,<br><br>20            Nominal Defendants. | Case No. CV12-02089 CAS(PLAx)<br><br>**STIPULATED ORDER RE: PRESERVATION OF DOCUMENTS** |

21

22

23

24

25

26

27

28

336572.1                                   1

# ORDER

The Court having considered the Stipulation Re: Preservation of Documents ("Stipulation") entered into on or about June 27, 2012, by and among plaintiff David R. Hilty, defendants Lonnie Moore, Michael Robert Malin, 2Hype Productions, Inc., and LTM Consulting, Inc., and nominal defendants Geisha House, LLC and Geisha Santa Ana, LLC (collectively, the "Parties," and each such party a "Party"), which Parties constitute all those who thus far have appeared in this action, and good cause appearing therefor,

**IT IS HEREBY ORDERED:**

1. **Duration**

   1.1   Unless all Parties agree in writing, or the Court orders, otherwise, this Order shall apply during the pendency of the above-captioned action (the "Action").

2. **General duty to preserve**

   2.1   The term "documents," as used herein, is to be interpreted in its broadest sense to encompass both paper, or "hard copy," documents and electronically stored information of any kind, specifically including, without limitation: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes.  Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

2.2     Paper, or "hard copy", documents that must be preserved include, without limitation: documents stored in central files; personal files; files stored off-site or in storage; files of former employees that are still maintained by a Party; documents in a Party's possession that are stored off-site (as in a home); documents in the possession of third parties over whom a Party has control and from whom that Party has the right, authority or practical ability to obtain with respect to the documents; printed emails; letters; calendars; notes; drawings; photographs; designs; memoranda; and other correspondence.

2.3     Electronic documents and files that must be preserved include, without limitation: information stored on any company servers or on servers of third parties over whom a Party control and from whom that Party has the right, authority or practical ability to obtain with respect to the documents; emails; computer calendars; information stored on desktops and laptops; information stored on portable phones (including text messages and email) and digital assistants (such as a Blackberry, android, or IPhone); information stored on home computers; information stored on retired workstations; information stored on thumb drives, USB drives, and flash media; information stored on CDs and DVDs; and information stored on digital cameras.

2.4     Subject to the limits set forth in this Order, each Party shall take reasonable and good faith steps to identify and preserve all potentially relevant documents (which term includes electronically stored information) that are in the Party's possession, custody, or control.  The documents subject to this duty include any documents that a Party has the right, authority or practical ability to obtain from a non-party to the Action.

2.5     The duty to preserve is to be interpreted broadly to accomplish the goal of maintaining the integrity of all documents that are potentially relevant to subject matter involved in the Action and/or reasonably anticipated to be subject to discovery under Fed. R. Civ. P. 26, 45, and 56(e) in the Action ("potentially relevant

documents"). Except as provided in this Order, the duty to preserve includes the duty to take reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, overwriting, shredding, incineration, wiping, relocation, migration, theft or mutation of documents, as well as to prevent any action that would make the documents incomplete or inaccessible.

2.6   It is acknowledged that the documents subject to the duty to preserve may include documents that are not discoverable (for example, on the basis of privilege) or that are not admissible in evidence, provided that they are reasonably related to the Action.

2.7   It is also acknowledged that the preservation and production of voicemail and video is costly and burdensome. In absence of a clear need from the requesting Party and shifting of cost from the producing Party, preservation and production of said media shall not be required.

**3.   Preservation of documents**

3.1   Litigation Hold Notices: Within ten (10) days following the entry of this Order, each Party shall circulate to each person who may reasonably be expected to have possession or custody of potentially relevant documents within the control of that Party, within the meaning of Fed. R. Civ. P. 34 (a "Custodian"), a litigation hold notice in a form substantially similar to that attached to this Order as Attachment "A" ("Litigation Hold Notice"). Thereafter, the Parties shall re-notify these Custodians (and any subsequently identified Custodian) at least once every ninety (90) days of the continuing duty to preserve potentially relevant documents. Each Party shall, promptly following the circulation of the Litigation Hold Notice to its Custodians, take such further steps as are reasonable and appropriate to obtain and verify each Custodian's compliance with the Litigation Hold Notice.

3.2   Suspension of Ordinary Course Document Destruction: The Parties shall immediately take reasonable steps to ensure that no potentially relevant

documents are destroyed in the ordinary course through the operation of standard procedures for the destruction of documents.  For example:

    3.2.1  Potentially relevant hard copy documents in storage that are scheduled to be destroyed based on the expiry of a retention period in a retention schedule shall be segregated and not destroyed.

    3.2.2  Any backup media that contain potentially relevant documents that are not located elsewhere (such that the backup media likely contain the only existing copy of the documents) shall be segregated and not recycled.

    3.2.3  If emails are subject to an automatic email deletion program (e.g., the contents of email inboxes are deleted after a specified number of days), such program shall be discontinued and/or disabled.

3.3    Backup of Electronically Stored Information:  The Parties shall in good faith employ reasonable processes for the backup of potentially relevant electronically stored information.

3.4    Documents Newly Created or Received:  Parties creating or receiving potentially relevant documents after the entry of this Order must take reasonable steps promptly to preserve them in the same manner applicable to documents existing as of the entry of this Order.

3.5    Newly Identified Custodians:  Where a Party determines that there is a Custodian not previously identified, the Party shall comply with the requirements with respect to Litigation Hold Notices set out in Section 3.1, and shall take reasonable steps to preserve the potentially relevant documents in the Custodian's possession, custody, or control.

3.6    Metadata:  When segregating, copying or imaging electronically stored information, the Parties shall take reasonable steps to preserve associated metadata.  However, it is acknowledged that, unless special preservation steps are provided for, some metadata may he inadvertently altered, either before or after the effective date

of this Order, through the good faith actions of the Parties or others, whether in preserving or otherwise accessing the documents.

3.7     Software and Hardware:  The Parties shall securely retain all current or legacy software and hardware necessary to access, manipulate, print, search, organize, collect, image, decrypt, decompress, etc., potentially relevant electronically stored information, to the extent each Party possesses such software or hardware as of the date of entry of this Order.  In addition, existing documents (e.g., training manuals, instruction books, user guides, etc.) sufficient to describe or explain the installation, operation and use of the software and hardware shall similarly be securely retained.

3.8     Timing:  Unless otherwise specifically noted in this Order, the Parties shall ensure that all preservation steps identified above are completed, with respect to existing Custodians and existing potentially relevant documents, within twenty-five (25) days following the entry of this Order.

3.9     Confirmation:  Within thirty (30) days following the entry of this Order, each Party must file with the Court and serve on the other Parties a statement, subject to Fed. R. Civ. P. 11, confirming that the preservation steps identified above have been completed, or, if they have not been completed, setting forth the reasons for such deficiency.  Such statement must be supported by one or more declarations, by one or more witnesses with personal knowledge of the matters set forth therein.

**4.     Costs of compliance**

4.1     Subject to any agreement or order of this Court to the contrary, each Party's costs incurred in complying with this Order shall be borne by that Party.  To the extent any Party objects that complying with this Order in any particular respect would be unreasonably expensive and burdensome, that Party shall promptly provide notice of such claim to any Party requesting such compliance.  The requesting Party shall, within five (5) business days following such notice, notify the objecting Party whether it demands such compliance and whether it agrees to bear

all or part of the expense associated therewith.  If the Parties cannot reach agreement with respect to such matters, the objecting Party shall, no later than five (5) business days following the requesting Party's response, file with the Court a motion seeking the relief it requests with respect to such matters.  Any objection to complying with this Order based on the expense or burden associated therewith shall be deemed waived, as to a particular expense or aspect of compliance, if either: (a) the objecting Party incurs such expense or renders such compliance before complying with the notice requirements of this section; or (b) fails to file timely in accordance with this section a motion seeking relief with respect to such expense or aspect of compliance.  **Compliance with Local Rule 37 is required.**

**5.        Discovery and preservation rights and obligations otherwise not affected**

    5.1    Except as expressly provided in this Order, nothing in this Order alters the legal rights and obligations of the Parties with respect to discovery in the Action.  Without limiting the generality of the foregoing statement, nothing in this Order affects the ultimate discoverability or admissibility of any documents to be preserved pursuant to this Order.

    5.2    Except as expressly provided in this Order, nothing in this Order alters the legal rights and obligations of the Parties with respect to the preservation of documents.  Without limiting the generality of the foregoing statement, nothing in this order limits the legal obligation of each Party to take reasonable steps to preserve any document in the Party's possession, custody, or control that the Party knows exists and knows is relevant to the Action.

**6.        Amendment of order**

    6.1    This Order may not be amended or modified except by: (a) written agreement of all Parties; or (b) a further order of this Court.

6.2  Nothing in this Order abridges the right of any Party to seek a further order of this Court amending or modifying this Order.

DATED:  July 5, 2012

_____
Hon. Paul L. Abrams
United States Magistrate Judge

336572.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTACHMENT A**

# LITIGATION HOLD NOTICE

## 1. Your Obligation To Preserve Potentially Relevant Documents

You have received this notice because you are believed to have in your possession or custody documents, as defined expansively below, that are within the control of [PARTY], which may be relevant to a lawsuit pending in the United States District Court for the Central District of California, captioned *Hilty v. Moore, et al.*, Case No. CV12-02089 (the "Action"). The subject matter of the parties' disputes is described in the parties' pleadings in the Action, copies of which are enclosed with this notice.

As a custodian of [PARTY'S] documents potentially relevant to pending litigation, you are obligated to [PARTY] to take all reasonable steps to protect such documents from destruction, to preserve them in their original format, and to cooperate with [PARTY] and its counsel in obtaining access to them. This obligation extends not only to currently existing documents, but also to documents created or obtained in the future.

## 2. Broad Meaning Of "Documents"

The term "documents," as used herein, is to be interpreted in its broadest sense to encompass both paper, or "hard copy," documents and electronically stored information of any kind, specifically including, without limitation: writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; E-mail; telephone message records or logs; computer and network activity logs; hard drives; backup data; removable computer storage media such as tapes, disks, and cards; printouts; document image files; Web pages; databases; spreadsheets; software; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes. Information that serves to identify, locate, or link such material, such as file inventories, file folders, indices, and metadata, is also included in this definition.

Paper, or "hard copy", documents that must be preserved include, without limitation: documents stored in central files; personal files; files stored off-site or in storage; files of former employees that are still maintained by you; documents you may have in your possession that are stored off-site (as in a home); documents in the possession of third parties over whom you have control and from whom you have the right authority or practical ability to obtain with respect to the documents; printed emails; letters; calendars; notes; drawings; photographs; designs;

memoranda; and other correspondence.

Electronic documents and files that must be preserved include, without limitation: information stored on any company servers or on servers of third parties over whom you have control and from whom you have the right authority or practical ability to obtain with respect to the documents; emails; computer calendars; information stored on desktops and laptops; information stored on portable phones (including text messages and email) and digital assistants (such as a Blackberry, android, or IPhone); information stored on home computers; information stored on retired workstations; information stored on thumb drives, USB drives, and flash media; information stored on CDs and DVDs; and information stored on digital cameras.

In discharging your obligations pursuant to this Notice, it is essential that you consider where you may have stored potentially relevant documents, such as filing cabinets, portable computers, PDAs, or your home office.

### 3. **Consequences Of Failing To Preserve Documents**

Failing to preserve and produce potentially relevant documents could have serious consequences for [PARTY], including the failure of the [PARTY's] case in the lawsuit. The court could also assume that the documents that were not preserved would have been harmful to [PARTY's] case and draw inferences favorable to an adverse party. [PARTY] could be required to pay costs, damages or other sanctions.

Given the gravity of these potential consequences, it is essential that you give immediate attention to this Notice and comply with the directions contained within it. Failure to do so could have serious consequences.

### 4. **Next Steps**

You will be contacted shortly by [identify the internal or external counsel, or IT personnel, for PARTY] to arrange for the preservation and gathering of your potentially relevant documents. In the meantime, please take all reasonable steps to prevent the partial or full destruction, alteration, testing, deletion, overwriting, shredding, incineration, wiping, relocation, migration, theft or mutation of potentially relevant documents, as well as to prevent any action that would make the documents incomplete or inaccessible.

This means, without limitation, taking appropriate steps to ensure that there are no currently outstanding requests, instructions, policies, or procedures (including automatic procedures) for the destruction of potentially relevant

documents. To the extent there are currently in place procedures providing for the automatic removal or destruction of potentially relevant documents (*e.g.*, procedures providing for the retention of emails or other documents for a specified period of time, and for their automatic deletion/destruction thereafter), such procedures should be discontinued and/or disabled.

**5.      Further Information**

If you have any questions regarding this Notice, please contact me directly.

_____
[PARTY OR PARTY'S COUNSEL]

336572.1

12