UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers:) PLAINTIFF'S MOTION FOR APPOINTMENT OF TEMPORARY RECEIVER AND FOR ISSUANCE OF ORDER TO SHOW CAUSE WHY PERMANENT RECEIVER SHOULD NOT BE APPOINTED (filed 6/11/12)

## I.   INTRODUCTION

Plaintiff David R. Hilty ("Hilty"), individually and derivatively on behalf of Geisha House, LLC ("Geisha LA") and Geisha Santa Ana, LLC ("Geisha Santa Ana"), filed the instant action on March 12, 2012, against defendants Lonnie Moore ("Moore"); Michael Robert Carri, a/k/a Michael Robert Malin, a/k/a Mike Boogie, a/k/a Mike Boogie Malin ("Malin"); 2HYPE Productions, Inc. ("2HYPE"); LTM Consulting, Inc. ("LTM"); Moore & Malin Enterprises, LLC ("MME"); James McDonald ("McDonald"); Robert Pau ("Pau"); does 1 through 10, inclusive (collectively referred to as "defendants"),[1] and Geisha LA and Geisha Santa Ana as nominal defendants.

---

[1] Plaintiff avers that 2HYPE, LTM, and MME are sham corporations that exist as an avenue through which Moore, Malin, and their co-conspirators can commingle assets and divert monies received as a result of their alleged fraudulent conduct. Id. ¶¶ 19–20, 49–56.

Defendant McDonald is the Controller of the Dolce Group, a conglomerate of restaurants, clubs, and hospitality consulting services owned and operated by Moore and Malin. Defendant Pau is the Dolce Group's Director of Operations. Id. ¶¶ 21–22.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   JS-6

| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

    The complaint alleges claims by Hilty, individually: (1) against all individual defendants for securities fraud in violation of § 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j ("the Exchange Act"), and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b5 ("Rule 10b–5"); (2) against all individual defendants for securities fraud in violation of the Exchange Act § 20(a), 15 U.S.C. § 78t(a); (3) against Moore and Malin for common law fraud; (4) against all individual defendants for breach of fiduciary duty; (5) against all defendants for civil conspiracy; (6) against all defendants for unjust enrichment; (7) against all defendants for accounting; (8) against all defendants for unfair competition in violation of California Business & Profession Code § 17200 et seq.; and (9) against Moore and Malin for the appointment of a receiver.

    The complaint further alleges claims by Hilty, derivatively on behalf of Geisha LA and Geisha Santa Ana: (1) against all individual defendants for breach of fiduciary duty; (2) against all defendants for civil conspiracy; (3) against all defendants for unjust enrichment; and (4) against all defendants for unfair competition in violation of California Business & Profession Code §§ 17200 et seq.[2] The claims arise out of plaintiff's investments in various entities, including Geisha LA, that are owned and operated by defendants.

    On June 11, 2012, plaintiff filed the instant motion for appointment of a temporary receiver for nominal defendant Geisha LA, and for issuance of an order to show cause

---

    [2] Plaintiff brings these claims in a derivative capacity on behalf of Geisha LA and Geisha Santa Ana, in the right and for the benefit of those entities and their members. Compl. ¶ 72. Plaintiff asserts that he has standing to bring these derivative claims pursuant to California Corporations Code § 17501(a) because he is a member of record of Geisha LA and Geisha Santa Ana, and was so at all times relevant to this action. Id. Plaintiff also alleges that he adequately represents the interest of the members of Geisha LA and Geisha Santa Ana who are similarly situated, and that any requirement that he make a presuit demand upon the mangers of Geisha LA and Geisha Santa Ana to obtain the actions he desires is excused as futile. Id. ¶¶ 73–74. Plaintiff further alleges that he complied with California Corporations Code § 17501(a)(2) by delivering a copy of his complaint to the managers of Geisha LA and Geisha Santa Ana, including Moore and Malin.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**     JS-6

| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

why a permanent receiver should not be appointed.[3]  Dkt. No. 25.  On June 18 2012, defendants Moore, Malin, 2HYPE and LTM, and nominal defendants Geisha LA and Geisha Santa Ana filed an opposition contemporaneously with evidentiary objections and a motion to strike portions of, and all exhibits attached to, the declaration of Shereene Arazm.  Dkt. No. 31; Dkt. No. 45.  Plaintiff filed a reply on June 25, 2012.  Dkt. No. 47.  The Court held a hearing on plaintiff's motion on July 9, 2012.

At the hearing, the Court ordered the parties to submit supplemental briefing concerning whether plaintiff's claim under § 10(b) of the Exchange Act and Rule 10b–5 promulgated thereunder was sufficient to vest the Court with jurisdiction over this case, and if so, whether the Court should exercise supplemental jurisdiction over plaintiffs' state law claims.  Plaintiff submitted his supplemental filing on July 12, 2012.  Dkt. No. 61.  Defendants submitted their supplemental filing on July 17, 2012.  Dkt. No. 64.  After considering the parties' arguments, the Court finds and concludes as follows.

## II.     BACKGROUND

Plaintiff's claims arise from the individual defendants' alleged "long-running, systematic, and pervasive course of fraud, waste, mismanagement, embezzlement, and diversion of corporate assets" from Geisha LA and other entities (the "Dolce Group Entities") that form the Dolce Group.  Compl. ¶ 3.  Plaintiff alleges that since founding the Dolce Group in 2003, Moore and Malin have used the Dolce Group Entities as their "personal piggybank, siphoning off to themselves millions of dollars in corporate funds, to the detriment of the entities and their other investors."  Id. ¶ 4.

Plaintiff alleges that in or about 2004, Moore and Malin induced him to invest in three Dolce Group Entities: Geisha LA, Geisha Santa Ana, and Dolce Group Atlanta, LLC ("Dolce Atlanta").  Id. ¶ 5.  On or about December 14, 2004, plaintiff acquired a 0.5% non-managing membership in Geisha LA for $25,000.  Id. ¶ 39.  On or about January 5, 2007, plaintiff acquired a 9.5% non-managing membership in Dolce Atlanta

---

[3] Plaintiff nominates Los Angeles attorney David J. Pasternak to serve as receiver.  Pasternak asserts that he has served as a state court receiver "hundreds of times" and that he has also served as a bankruptcy court custodian, partition referee, and federal court receiver on numerous occasions.  Declaration of David J. Pasternak ¶ 3.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

for $950,000.  Id. ¶ 42.  Finally, in or around March 2008, plaintiff acquired a 5% non-managing membership interest in Geisha Santa Ana as consideration for his previous and continuing investment in Dolce Atlanta.[4]  Id. ¶¶ 45–46.

Plaintiff alleges that Moore and Malin, as "managing members," control and dominate the operations, activities, and finances of the Geisha Entities to the exclusion and detriment of non-managing members and a third managing member, Shereene Arazm ("Arazm").[5]  Id. ¶¶ 33–35.

Plaintiff avers that Moore, Malin, and their co-conspirators, McDonald and Pau, have employed a continuous and systematic scheme and course of conduct to "loot" the Dolce Group Entities and "defraud" their investors, as evidenced by the following: (1) an off-the-books "ledger" that keeps track of monies diverted or misappropriated from various Dolce Group Entities; (2) a secret PayPal account to collect monies from restaurant gift cards, discount coupons and other merchandise; (3) multiple "side deals" with various distributors and vendors to exclusively sell certain products at Dolce Group Entities in exchange for rebate checks made payable to 2HYPE, LTM, and/or MME; (4) automated teller machine ("ATM") fees associated with vendors at various Dolce Group Entities that were split between Moore, Malin, 2HYPE, LTM, and MME; (5) defendants' pocketing cash and checks payable to them individually classified as "loans" or "management fees"; and (6) unauthorized "barter transactions," including trading services at the various Dolce Group Entities for personal favors and gifts.  Id. ¶¶ 49–56.

---

[4] Geisha LA, Geisha Santa Ana, and Dolce Atlanta are hereafter collectively referred to as the "Geisha Entities."

[5] Arazm filed a complaint in the Los Angeles Superior Court on August 2, 2011 alleging that defendants engaged in a continuous course of fraud and misconduct.  See Arazm v. Malin, et al., LASC Case No. BC46696.  On August 1, 2011, Malin filed a complaint in the Los Angeles Superior Court against Arazm for civil extortion, violation of civil rights, intentional infliction of emotional distress, and negligent infliction of emotional distress.  See Malin v. Singer, et al., LASC Case No. BC46654.  Both cases are pending before the Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | **CIVIL MINUTES - GENERAL** | | JS-6 |
|---|---|---|---|
| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

Plaintiff asserts that Malin, Moore, McDonald, and Pau's individual and collective conduct has destroyed the Dolce Group Entities and caused them to incur enormous debt. Id. ¶ 58. Further, plaintiff avers that as a result of the individual defendants' conduct, Geisha LA has been sued for various alleged torts and breaches of contract, including employment discrimination, sexual harassment, and unpaid bills. Id. ¶ 59. Plaintiff alleges that in response to these lawsuits and creditor demands, Moore and Malin have moved their assets to offshore accounts in the Cook Islands. Id. ¶ 60.

On or about August 15, 2011, plaintiff demanded that Moore and Malin provide him with access to all books and records of the Geisha Entities. Id. ¶ 68. Plaintiff asserts that after numerous communications regarding his demand, he was denied access to the records he sought. Id. ¶ 70. This action followed. Id. ¶ 71.

### III. LEGAL STANDARD

#### A. Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute . . . ." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). The burden of proof is on the party asserting federal jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1350, pp. 211, 231 (3d ed. 2004).

#### B. Appointment of a Temporary Receiver

Local Rule 66 states "[u]pon good cause shown by verified pleadings or declaration, the Court may in its discretion appoint a temporary receiver without notice to creditors."[6] L.R. 66–1. "Concurrently with appointment of a temporary receiver, the

---

[6] See also Federal Rule of Civil Procedure 66 (providing that "the practice in administering an estate by a receiver or similar court-appointed officer must accord with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

Court shall issue an order to show cause requiring the parties and the creditors of the defendant to show cause why a permanent receiver should not be appointed." L.R. 66–3.

The appointment of "[a] receiver is an extraordinary equitable remedy that is only justified in extreme situations." Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc., 999 F.2d 314, 316 (8th Cir. 1993; see also Solis v. Matheson, 563 F.3d 425, 437 (9th Cir. 2009) ("The appointment of a receiver is considered to be an extraordinary remedy that should be employed with the utmost caution and granted only in cases of clear necessity to protect plaintiff's interests in the property.") (citations omitted). "While the appointment of a receiver is within the equity powers of the federal court, it is an extraordinary step warranted only by the most compelling circumstances." Bracco v. Lackner, 462 F. Supp. 436, 456 (N.D. Cal. 1978).

Although there is no precise formula for determining when a receiver may be appointed, factors typically warranting appointment are: (1) a valid claim by the party seeking the appointment; (2) the probability that fraudulent conduct has occurred or will occur; (3) imminent danger that property will be concealed, lost, or diminished in value; (4) inadequacy of legal remedies; (5) lack of a less drastic equitable remedy; and (6) likelihood that appointing the receiver will do more good than harm. Aviation Supply Corp., 999 F.2d at 316–17.

**IV.   DISCUSSION**

    **A.   The Court's Jurisdiction Over this Action**

Having reviewed the parties' supplemental filings, the Court is not satisfied that plaintiff has adequately stated a prima facie claim for securities fraud. Accordingly, the Court does not believe it has jurisdiction over this case.[7]

---

the historical practice in federal courts or with a local rule").

   [7] At the July 20, 2012 telephonic status conference, the Court indicated that it tentatively believed it had jurisdiction over this action. Upon further review, the Court now believes that it lacks jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

"The basic elements of a Rule 10b–5 claim . . . are (1) a material misrepresentation or omission of fact, (2) scienter, (3) a connection with the purchase or sale of a security, (4) transaction and loss causation, and (5) economic loss." In re Daou Sys., Inc., 411 F.3d 1006, 1014 (9th Cir. 2005).[8] In addition, the applicable statute of limitations provides that a "private right of action" that "involves a claim of fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . may be brought not later than the earlier of—

"(1) 2 years after the discovery of facts constituting the violation; or

"(2) 5 years after such violation." 28 U.S.C. § 1658(b).

    **1.**    **Plaintiff's Claims for Events Preceding March 13, 2007 Are Time-Barred**

Plaintiff filed his complaint in this action on March 12, 2012. Therefore, insofar as plaintiff asserts claims based on his purchase of securities prior to March 13, 2007, these claims are time-barred.

Plaintiff asserts that he purchased a membership interest in Geisha LA on or about December 15, 2004. Compl. ¶¶ 39–40. Plaintiff further asserts that he purchased a membership interest in Dolce Group Atlanta on or about January 5, 2007. Compl. ¶¶ 42–43. Accordingly, claims related to these purchases are barred by the statute of limitations.

---

[8] The fraud must also involve "the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange." 15 U.S.C. §78j; 17 C.F.R. § 240.10b–5. Defendants do not dispute that this element is satisfied. Answer ¶¶ 32, 77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**　　　JS-6

| Case No. | CV 12-2089 CAS (JCGx) | Date | August 6, 2012 |
|---|---|---|---|
| Title | DAVID R. HILTY, ET AL. v. LONNIE MOORE, ET AL. | | |

**2.　The Fraud Plaintiff Alleges Regarding his 2008 Acquisition of a Membership Interest in Geisha Santa Ana Was Not in Connection With the Purchase of a Security**

Section 3(a)(13) and (14) of the Exchange Act defines "purchase or sale" to include "any contract" to acquire or dispose of securities. 15 U.S.C. § 78c(13), (14). There can be no § 10(b) claim where there is no purchase of or contract to purchase securities. Cf Crosstown Apparel Inc. v. Linden, 807 F.2d 33 (2d. Cir. 1986).

Plaintiff asserts that he acquired a five percent interest in Geisha Santa Ana on or about January 20, 2009. According to plaintiff, he acquired this interest as "consideration for his previous, and continuing, investment" in Dolce Group Atlanta. Compl. ¶¶ 45–46. Because plaintiff did not purchase his ownership stake in Geisha Santa, but rather received this interest in return for his prior investments in another entity, it appears that acquisition was not in "connection with" the "purchase or sale" of a security.

**V.　CONCLUSION**

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion for appointment of a receiver. The Court further DISMISSES this case for lack of subject matter jurisdiction.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　00　:　00

　　　　　　　　　　　　　　　Initials of Preparer　　　　　CMJ